[Cite as *State v. Mukha*, 2018-Ohio-4918.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 18AP0019 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| VIKTOR MUKHA | WAYNE COUNTY MUNICIPAL COURT |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2018 TR-D 000884 |

DECISION AND JOURNAL ENTRY

Dated: December 10, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Viktor Mukha, appeals his conviction in the Wayne County Municipal Court for failure to control a motor vehicle. For the reasons that follow, we affirm.

I.

{¶1} On January 31, 2018, Trooper Jeremy Parks was dispatched to the scene of a single-vehicle collision involving a commercial semi-truck and trailer (the "vehicle") on State Route 85 in Green Township, Ohio. At the scene, Trooper Parks identified Mr. Mukha as the operator of the vehicle and spoke with him regarding the accident. Trooper Parks investigated the scene with the vehicle resting in a ditch along the side of the road just before the intersection. Trooper Parks cited Mr. Mukha for failure to control in violation of R.C. 4511.202, a minor misdemeanor.

{¶2} Mr. Mukha entered a plea of not guilty to the offense. The matter proceeded to a bench trial on March 13, 2018. Trooper Parks and Mr. Mukha each testified at the trial. The

trial court issued the judgment entry that same day, finding Mr. Mukha guilty and entering a judgment of conviction. Mr. Mukha timely appealed his conviction, presenting one assignment of error for our review.

II.

**Assignment of Error**

**There was no evidence introduced that would establish that [Mr. Mukha] failed to control his vehicle.**

{¶3}    In his sole assignment of error, Mr. Mukha challenges his conviction for failure to control his vehicle. Mr. Mukha does not explicitly articulate the basis for his argument, nor does he indicate the applicable standard of review. However, Mr. Mukha's argument—that the State presented no evidence to show that he failed to control his vehicle—sounds in sufficiency. *See State v. Hayes*, 9th Dist. Summit No. 26388, 2013-Ohio-2429, ¶ 9 ("An argument that the State failed to prove one of the elements of a crime is one sounding in sufficiency, not weight."). Accordingly, this Court will consider whether Mr. Mukha's conviction is supported by the sufficiency of the evidence.

{¶4}    A challenge to the sufficiency of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶5} In his brief, Mr. Mukha asserts that while he was operating the vehicle "[t]here was nothing wrong with the road, and he was not impaired." He argues that he "had every reason to go off the road, because traffic was up ahead, and he drove defensively to avoid contact." Mr. Mukha contends that this evidence is not sufficient to support a conviction for failure to control.

{¶6} R.C. 4511.202 provides that:

(A) No person shall operate a motor vehicle, trackless trolley, streetcar, agricultural tractor, or agricultural tractor that is towing, pulling, or otherwise drawing a unit of farm machinery on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, streetcar, agricultural tractor, or unit of farm machinery.

(B) Whoever violates this section is guilty of operating a motor vehicle or agricultural tractor without being in control of it, a minor misdemeanor.

Thus, the State must prove three elements to establish that Mr. Mukha violated R.C. 4511.202: (1) he operated a motor vehicle, (2) on a street, highway, or property open to the public for vehicular traffic (3) without being in reasonable control of the vehicle.

{¶7} Trooper Parks testified that, in speaking with Mr. Mukha regarding the accident, Mr. Mukha explained "that he was coming upon the intersection, seen a car that was stopping and he applied the brakes and he lost control and he ended up going off the left side of the road and struck a ditch." Pursuant to his investigation, Trooper Parks observed the scene of the accident. Based on his observations, he testified "[t]he semi-truck had been traveling northbound and the black skid marks from the truck started just south of the intersection and went off the left side of the road, which would be the west side of the road and struck a ditch, just right at the intersection." Trooper Parks attributed the skid marks to the tandem tires of Mr. Mukha's vehicle. According to Trooper Parks, the weather conditions were clear and sunny at

that time and the road was free of ice. Trooper Parks testified that Mr. Mukha did not indicate any mechanical issues with the vehicle.

{¶8} At trial, Mr. Mukha testified and described the events as follows:

A. Yeah, uh, the, everything was clear and the visibility was pretty good in front of me and I saw the, the car was staying in the, making the left turn. He was pacing the upcoming traffic or car, yeah. I started braking but the, I felt something, not good, or I, now I can't to say for one hundred [percent] that it was slippery or the brakes didn't work properly but, um.

Q. Did you feel anything funny with the brakes?

A. Yes, yeah, something, something was, something unusual happened, I don't know what, but something unusual happened when I was, it's hard to explain but, second and probably, it's my reaction when your truck, car or truck doesn't stop when you automatically push the brake, yeah, everybody does that, problem [inaudible] did that and I later couldn't control my vehicle and it jack-knifed.

Mr. Mukha testified he owned the truck, but not the trailer attached to it at the time of the accident. He testified that he was sure the brake in the truck was working because they observed the skid marks on the blacktop. However, Mr. Mukha felt that there might have been an issue with the trailer. When trial counsel inquired as to whether Mr. Mukha had jerked the wheel or anything to make the vehicle lose control, Mr. Mukha said, "Yeah, probably, I'm not one hundred percent *** [.]" Mr. Mukha was unable to articulate exactly what happened.

{¶9} The State presented evidence to show that, as he attempted to brake and slow the vehicle while approaching traffic at the upcoming intersection, Mr. Mukha lost control of his vehicle, veered off the road, and ended up in a ditch along the side of the road. Viewing this evidence in a light most favorable to the prosecution, "we conclude that a reasonable trier of fact could have properly found that, pursuant to R.C. 4511.202, Mr. [Mukha] failed to maintain reasonable control of his vehicle." *State v. Gabriel*, 9th Dist. Medina No. 14CA0005-M, 2014-

Ohio-5387, ¶ 11. The trial court did not err in concluding that Mr. Mukha violated R.C. 4511.202.

{¶10} Additionally we note that Mr. Mukha implies in the conclusion section of his brief that the State presented no evidence to show a failure to control because "when the evidence shows that the driver was in control of the vehicle and made a conscious effort to avoid danger, this is not a failure to control[.]" To the extent that this might be construed as a challenge to the manifest weight of the evidence, it is not appropriate to combine a sufficiency argument and a manifest weight argument within a single assignment of error. *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 20. Moreover, "[Mr. Mukha] did not challenge the persuasiveness of any of the State's evidence, did not direct this Court to conflicting evidence or credibility issues in the testimony, and did not otherwise attempt to explain how the judge allegedly lost his way." *State v. Vanest*, 9th Dist. Summit No. 28339, 2017-Ohio-5561, ¶ 34. "'Because [Mr. Mukha] has not developed an argument to support his manifest weight challenge, we decline to conduct a manifest weight analysis.'" *State v. Shannon*, 9th Dist. Lorain No. 13CA010517, 2015-Ohio-438, ¶ 25, quoting *State v. Auerswald*, 9th Dist. Medina No. 11CA0053-M, 2013-Ohio-742, ¶ 50.

{¶11} Mr. Mukha's sole assignment of error is overruled.

III.

{¶12} We overrule Mr. Mukha's assignment of error, and affirm the judgment of the Wayne County Municipal Court.

Judgement affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

<br>

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

PETER HORVATH, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.