[Cite as *State v. Perkins*, 2021-Ohio-2630.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 20AP0031 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| TRACY L. PERKINS | |
| Appellant | CASE No. 2020 CR-B 000603 |

DECISION AND JOURNAL ENTRY

Dated: August 2, 2021

HENSAL, Presiding Judge.

{¶1} Tracy Perkins appeals her conviction for petty theft from the Wayne County Municipal Court. This Court affirms.

I.

{¶2} Ms. Perkins was charged with one count of petty theft in violation of Revised Code Section 2913.02(A)(1). She pleaded not guilty, and the matter proceeded to a bench trial. Ms. Perkins, the victim, and Officer Joshua Timko with the Wooster Police Department provided the following testimony at trial.

{¶3} According to the victim, she received an email at 1:30 PM, advising her that a package she ordered had been delivered to her apartment. The victim arrived home about 20 minutes later but did not see her package. The victim called UPS and was told the package was left on a chair outside of her apartment. The victim then called the police to report that her package had been stolen. At some point after that, the victim saw her next-door neighbor, Ms. Perkins,

remove a trash bag from the community dumpster. The victim testified that, by the time she saw Ms. Perkins remove the trash bag from the community dumpster, Ms. Perkins was aware that the victim knew her package was missing.

{¶4} The next day, the victim went to the dumpster and found a trash bag that contained her package with the shipping receipt still inside, but the contents had been removed. Her name and address on the package had been "scribbled out" but there was still a small sticker on the package that contained her name and address. The victim testified that Ms. Perkins had acted suspiciously about the package, and that the trash bag that contained her package was the same type of trash bag that Ms. Perkins used, including the one she saw Ms. Perkins remove from the dumpster the day prior. The victim surmised that Ms. Perkins removed the trash bag from the dumpster the day prior in order to put the package in it "to not look so suspicious[,]" and to "cover the evidence." After finding the package, the victim called the police again. Officer Timko responded to the victim's apartment and, after speaking with the victim, went to speak with Ms. Perkins.

{¶5} According to Officer Timko, Ms. Perkins told him that she found the package on the sidewalk in front of her apartment, and that the name and address on the package had already been "scribbled off" with a black marker. Ms. Perkins then told him she thought the package was hers, so she opened it and believed that the contents were hers. Officer Timko then showed Ms. Perkins the shipping receipt that listed the items from the victim's package. Officer Timko testified that Ms. Perkins then contradicted herself, telling him that she had planned on returning the items to the victim. Ms. Perkins retrieved the contents of the package and gave them to Officer Timko, who returned them to the victim.

**{¶6}** According to Ms. Perkins's testimony at trial, the package was in front of her apartment door, so she opened it without noticing that it was not addressed to her. Upon realizing it was not hers, she set the contents of the package aside and planned to give them to the victim when she saw her next. She testified that she did not remember seeing the victim's name or address on the package, but that she assumed it was the victim's package since she found it between their apartments. Ms. Perkins testified that, before she was able to return the items, Officer Timko arrived, and she gave them to him.

**{¶7}** Ms. Perkins testified that she never removed a trash bag from the community dumpster, and that she did not recall what she did with the package. She testified that she had been cleaning that day, so she assumed she set the package outside of her apartment and that either she, or someone walking by, took the package to the community dumpster. She had no explanation as to how the victim's name and address on the package had been scribbled off with a black marker. She concluded that she thought the victim was "try[ing] to get [her] in trouble because [the victim] was having a bad day[.]"

**{¶8}** On cross-examination, the State confirmed with Ms. Perkins that she had a prior conviction for falsification, and that she served prison time in 2010. Her defense counsel did not object, and the State did not elicit any further testimony regarding that conviction. After hearing the evidence, the trial court found Ms. Perkins guilty. She now appeals, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

PERKINS' CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS
A MATTER OF LAW AND WAS AGAINST THE MANIFEST WEIGHT OF
THE EVIDENCE.

**{¶9}** In her first assignment of error, Ms. Perkins challenges the sufficiency and the weight of the evidence presented at trial. It is well-established, however, that "a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations." *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 18. Accordingly, "it is not appropriate to combine a sufficiency argument and a manifest weight argument within a single assignment of error." *State v. Mukha*, 9th Dist. Wayne No. 18AP0019, 2018-Ohio-4918, ¶ 11; *see* Loc.R. 7(B)(7) of the Ninth District Court of Appeals ("Each assignment of error shall be separately discussed * * *."); App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief[.]"). Nonetheless, we exercise our discretion to consider the merits of Ms. Perkins's combined assignment of error.

**{¶10}** Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

**{¶11}** On the other hand, when considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26.

{¶12} Regarding the sufficiency of the evidence, Ms. Perkins argues that the State failed to prove that she intended to deprive the victim of the contents of her package. While Ms. Perkins's argument regarding the manifest weight of the evidence is not entirely clear, she appears to argue that the verdict was against the manifest weight of the evidence because the only evidence presented was that: (1) she possessed the items the victim had ordered; (2) the victim found her empty package in a trash bag in the community dumpster; and (3) the trash bag the victim found her empty package in was the same type of trash bag she (Ms. Perkins) used. She argues that, if she had intended to cover the evidence by scribbling out the victim's name and address, she would have also scribbled out the victim's information that was located elsewhere on the package. Ms. Perkins also points to her own testimony wherein she indicated that she opened the package because she thought it was hers, and that - upon realizing it was not hers - she set the contents of the package aside and intended to give them to the victim the next time she saw her. She concludes that the State failed to prove beyond a reasonable doubt that she intended to deprive the victim of the contents of her package. We disagree.

{¶13} Section 2913.02(A)(1), under which Ms. Perkins was convicted, provides that "[n]o person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner * * *." "A person acts purposely when it is the person's specific intention to cause a certain result[.]" R.C. 2901.22(A). "[K]nowingly" is defined in Section 2901.22(B) as follows:

A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

We note that the "purpose to deprive may be inferred from circumstantial evidence." *State v. Riley*, 9th Dist. Summit No. 24789, 2010-Ohio-1350, ¶ 13; *see State v. Hoffmeier*, 9th Dist. Medina No. 17CA0079-M, 2018-Ohio-2553, ¶ 8, quoting *State v. Warfel*, 9th Dist. Medina No. 16CA0062-M, 2017-Ohio-5766, ¶ 11 ("Proof of intent is often derived from circumstantial evidence, as direct evidence will seldom be available.").

{¶14} Here, the State presented evidence indicating that Ms. Perkins took the victim's package into her apartment shortly after it had been delivered, opened it, removed the contents, put the package in a trash bag, disposed of it in the community dumpster, kept the contents of the package inside of her apartment, and then made no effort to contact the victim or return the contents of the package to her. Viewing this evidence in a light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of petty theft proven beyond a reasonable doubt.

{¶15} Turning to the weight of the evidence, the trial court was in the best position to assess the witnesses' credibility. *State v. Peck*, 9th Dist. Wayne No. 19AP0031, 2021-Ohio-1685, ¶ 26 ("As the trier of fact, the trial court was in the best position to judge the credibility of the witnesses and to evaluate their testimony accordingly."). The trial court chose not to believe Ms. Perkins's version of the events, which was that she opened the package because she thought it was hers and that, upon realizing it was not hers, she set the contents of the package aside with the intention of returning them to the victim. The trial court was free to believe the State's version of

the events, which was that Ms. Perkins took the package from outside of the victim's apartment, opened it, removed the contents, put the package in a trash bag, and then disposed of it in the community dumpster with no intention of returning the contents of the package to the victim.

{¶16} Notably, Officer Timko testified that Ms. Perkins contradicted herself during his conversation with her, first telling him that she thought the package and its contents were hers, and then changing her story after he presented her with the shipping receipt. Additionally, contrary to the victim's testimony, Ms. Perkins denied removing a trash bag from the community dumpster on the day the victim's package was delivered. The next day, the victim found the same type of trash bag in the dumpster with her package and shipping receipt inside. Furthermore, Ms. Perkins could not explain how the victim's name and address had been scribbled off on part of the package, nor could she definitively explain how the package got into the community dumpster. Simply put, the fact that the trial court chose to believe the State's version of the events instead of Ms. Perkins's version of the events does not render her conviction against the manifest weight of the evidence. *Id.* Ms. Perkins's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

PERKINS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY OHIO CONSTITUTION AND U.S. CONSTITUTION.

{¶17} In her second assignment of error, Ms. Perkins argues that her trial counsel rendered ineffective assistance because her counsel: (1) failed to object to the State's questioning about her prior conviction, which occurred more than ten years ago; and (2) failed to object to the victim's hearsay testimony regarding the fact that she called UPS and was told her package was left on a chair outside of her apartment.

{¶18} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Ms.

Perkins must establish that: (1) her counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. If a defendant fails to prove one prong under *Strickland*, this Court need not address the other prong. *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio- 3108, ¶ 34.

{¶19} Regarding Ms. Perkins's prior conviction, the State elicited testimony from Ms. Perkins on cross-examination that she had served prison time "back in 2010"[1] for a falsification conviction related to drug documents. Ms. Perkins's counsel did not object, and there was no further testimony regarding her prior conviction. In her merit brief on appeal, Ms. Perkins states that the falsification conviction was "potentially more than 10 years old" since the trial in this case occurred in September 2020. She asserts that her trial counsel should have objected on the basis of Evidence Rules 609(B), 401, and 404(B).

{¶20} Evidence Rule 609(A)(3) provides that "subject to [Rule] 403(B), evidence that * * * an accused * * * has been convicted of a crime is admissible if the crime involved dishonesty or false statement * * *." Rule 609(B) sets forth the time limits for prior conviction evidence, in part, as follows:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the

---

[1] As the State correctly points out, Ms. Perkins's merit brief misquotes this as "back in *February* 2010[.]" (Emphasis added.)

interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

**{¶21}** Here, Ms. Perkins does not dispute that her conviction for falsification involved dishonesty or a false statement under Rule 609(A)(3). She argues that it was "potentially more than 10 years old[,]" but acknowledges that "it is possible that [she] was not released from confinement prior to" the trial in this matter, which would render Rule 609(B) inapplicable. She concludes that her trial counsel had a duty to inquire regarding her conviction and prison sentence.

**{¶22}** As the State points out, the testimony at trial indicated that Ms. Perkins served prison time for a falsification conviction in 2010, but there was no further testimony regarding that conviction, nor her sentence for that conviction. Her argument on appeal requires this Court to assume that the testimony regarding her falsification conviction was time-barred under Rule 609(B). This Court will not make that assumption. *See* App.R. 12(A)(1)(b) (requiring an appellate court to determine the merits of an appeal by the record before it and the arguments presented). Further, while Ms. Perkins asserts that her trial counsel should have also objected under Rules 401 and 404(B), she has not developed any arguments in that regard. *See* App.R. 16(A)(7) (requiring an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."). She simply quotes language from those Rules and summarily concludes that her trial counsel should have objected. We, therefore, conclude that Ms. Perkins has not established that her trial counsel provided ineffective assistance by not objecting to her testimony regarding her prior falsification conviction. *See State v. Grether*, 9th Dist. Summit No. 28977, 2019-Ohio-4243, ¶ 16 (noting that it is the appellant's burden to establish error on appeal).

{¶23} Ms. Perkins also argues that her counsel failed to object to the victim's hearsay testimony about the fact that someone from UPS told her that the package was left on a chair outside of her apartment. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(C). The victim's testimony that she called UPS and was told that her package was left on a chair outside of her apartment was not offered to prove the matter asserted, that is, it was not offered to prove that UPS left the package on the chair outside of her apartment. *See State v. Gates,* 9th Dist. Summit No. 25435, 2011-Ohio-5631, ¶ 19. Instead, the victim provided that testimony while explaining what she did upon realizing her package was missing. Even if that testimony did constitute hearsay, Ms. Perkins has not established that, but for her counsel's error, the result of the trial would have been different. Consequently, Ms. Perkins has not established that her trial counsel provided ineffective assistance. Ms. Perkins's second assignment of error is overruled.

## III.

{¶24} Ms. Perkins's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.