[Cite as *State v. Garver*, 2021-Ohio-3776.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

JAMES L. GARVER

    Appellant

C.A. No.    20AP0038

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2020 TR-C 002282

DECISION AND JOURNAL ENTRY

Dated: October 25, 2021

CALLAHAN, Judge.

{¶1} Appellant, James Garver, appeals his conviction by the Wayne County Municipal Court. This Court affirms.

I.

{¶2} On April 24, 2020, an Ohio State Patrol trooper initiated a traffic stop of Mr. Garver's vehicle. The trooper informed Mr. Garver that his vehicle had a plate light violation and that dispatch had received a tip that he was driving while intoxicated. The trooper detained Mr. Garver for the purpose of conducting field sobriety testing and, after completing the field sobriety tests, cited him for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), driving with a suspended driver's license in violation of R.C. 4510.16, and failure to illuminate a license plate in violation of R.C. 4513.05.

{¶3} Mr. Garver pleaded guilty to driving with a suspended license and failure to illuminate a license plate, and the remaining charge was tried in a bench trial. The trial court

found Mr. Garver guilty, suspended his driver's license for five years, and fined him $1,000 for the charge of driving under the influence. The trial court also placed Mr. Garver on community control for eighteen months, including a residential sanction of sixty days in the Wayne County Jail. Mr. Garver appealed, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

APPELLANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶4}** In his first assignment of error, Mr. Garver has argued that the State did not produce sufficient evidence demonstrating that he was driving while under the influence of alcohol and that his conviction for driving under the influence of alcohol is against the manifest weight of the evidence. Because sufficiency and manifest weight are separate and distinct questions, this Court has observed that "'it is not appropriate to combine a sufficiency argument and a manifest weight argument within a single assignment of error.'" *State v. Seibert*, 9th Dist. Wayne Nos. 20AP0013, 20AP0014, 2021-Ohio-3069, ¶ 13, quoting *State v. Mukha*, 9th Dist. Wayne No. 18AP0019, 2018-Ohio-4918, ¶ 11. *See also State v. Perkins*, 9th Dist. Wayne No. 20AP0031, 2021-Ohio-2630, ¶ 9; App.R. 12(A)(2); Loc.R. 7(B)(7). Nonetheless, this Court has the discretion to consider the merits of Mr. Garver's arguments, and we do so despite the fact that they are improperly framed. *See Seibert* at ¶ 13; *Perkins* at ¶ 9.

**{¶5}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to

sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶6} Mr. Garver maintains that the State did not produce sufficient evidence that he "operate[d] [a] vehicle * * * under the influence of alcohol[,]" as prohibited by R.C. 4511.19(A)(1)(a). This Court does not agree. The trooper who initiated the stop of Mr. Garver's vehicle testified that dispatch received a call regarding a possible intoxicated driver leaving a residence on Millersburg Road with the intention of purchasing more alcohol. The trooper recalled that he drove to the gas station closest to the residence, where he located Mr. Garver's vehicle. The trooper initiated a stop approximately one-half mile after Mr. Garver left the premises shortly after 10:30 p.m., noting that Mr. Garver's license plate light was not illuminated. The trooper testified that when he initiated contact with Mr. Garver, he detected a moderate odor of alcohol from the passenger side and Mr. Garver was alone in the vehicle. The trooper also testified that Mr. Garver had red, glassy eyes. According to the trooper, Mr. Garver admitted that he had consumed "one tall boy of Twisted Tea." The trooper explained that a "tall boy" is a "20 ounce [beverage] instead of the typical 12 [ounces]." During his own testimony, Mr. Garver acknowledged that the "Twisted Tea" was an alcoholic beverage. The trooper continued to smell the odor of alcohol emanating from Mr. Garver's person as they walked to the trooper's vehicle for a weapons pat-down. He also testified that he had to repeat his instructions

prior to the pat-down, noting that Mr. Garver appeared to be having difficulty following directions.

{¶7} The trooper performed field sobriety testing on Mr. Garver and, during trial, testified regarding his observations. During each of the tests, the trooper observed that Mr. Garver, again, appeared to have difficulty following instructions. During administration of the horizontal gaze nystagmus test, the trooper noted six clues out of a possible six. The trooper also testified that Mr. Garver "had to be told a few times to keep his head still, focus on the stimulus, but we were eventually able to work through that." During the walk-and-turn test, Mr. Garver stepped off of the line and failed to touch heel to toe multiple times, lost his balance during the turn, and did not complete the turn as instructed. The trooper testified that Mr. Garver did not complete the one leg stand test and recalled that during administration of the test, Mr. Garver lowered his foot and raised an arm almost above his head.

{¶8} Viewing this evidence in the light most favorable to the State, as we must, this Court concludes that a trier of fact could reasonably conclude beyond a reasonable doubt that Mr. Garver operated a vehicle while under the influence of alcohol prior to the traffic stop. Mr. Garver's conviction for driving under the influence of alcohol is, therefore, not based on insufficient evidence.

{¶9} When considering whether a conviction is against the manifest weight of the evidence, this Court applies a different standard. *See State v. Martinez-Castro*, 9th Dist. Lorain No. 18CA011361, 2019-Ohio-1155, ¶ 14, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 11-13. To evaluate the weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶10} In support of his argument that his conviction is against the manifest weight of the evidence, Mr. Garver argues that the State did not produce any evidence explaining the basis for field sobriety testing, that there is no testimony that he committed a moving violation prior to the traffic stop, and that his conduct during the stop is inconsistent with the conclusion that he was under the influence of alcohol. Mr. Garver also points to his own alternative explanations for his performance on the field sobriety tests as evidence that he was not, in fact, under the influence of alcohol.

{¶11} Although the trooper did not testify regarding the scientific basis for field sobriety tests, his testimony did not rely solely on the substance of the tests themselves but rested primarily on his observations regarding Mr. Garver's appearance and behavior during administration of the tests. *See generally State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 14-15 and syllabus. In that respect, the trooper described Mr. Garver's conduct and affect during the stop and administration in a manner consistent with the conclusion that he was under the influence of alcohol.

{¶12} Mr. Garver acknowledged that he consumed alcohol and testified that he did so while operating a piece of heavy machinery within two hours, at most, of the stop but maintained that he spilled some of the contents on his person. On the other hand, Mr. Garver maintained that his inability to follow instructions was explained by the fact that he is "not entirely a normal person" and suffers from post-traumatic stress disorder. He also testified that he suffered from a

broken toe that had not healed properly and from a previous back injury, both of which prevented him from successfully completing the one leg stand and walk-and-turn tests. As the trooper's testimony and the video of the stop confirm, however, Mr. Garver did not mention that he had any health conditions that would affect his ability to perform the tests upon the trooper's initial inquiry. Although Mr. Garver later told the trooper that he had a stiff back and had suffered a broken toe, he did not explain that they would prevent him from completing the field sobriety tests, and he did not express a preference regarding which foot to stand on during the one leg stand.

{¶13} In support of his manifest weight argument, Mr. Garver also argues that this Court should apply our decision in *State v. Consiglio*, 9th Dist. Medina No. 20CA0035-M, 2021-Ohio-990. Specifically, Mr. Garver maintains that his conviction should be reversed because, consistent with *Consiglio*, he did not commit any moving violations, was cooperative, and did not exhibit slurred speech. *Consiglio*, however, presented a different question: whether, in the context of a motion to suppress, the law enforcement officer had probable cause for arrest. *Id*. at ¶ 11.

{¶14} In analyzing that question, this Court must apply a hybrid standard of review. *See id.* at ¶ 12, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. With respect to factual issues, this Court accepts the trial court's findings of fact if supported by competent, credible evidence. *Consiglio* at ¶ 12, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100. With respect to the ultimate legal question of probable cause, we review the trial court's decision de novo, without deference to the determination made by the trial court. *Burnside* at ¶ 8. In contrast, when this Court determines whether a conviction is against the manifest weight of the evidence, we consider the "'effect [of the evidence] in inducing belief.'"

(Emphasis omitted.) *Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, at ¶ 12, quoting *Thompkins*, 78 Ohio St.3d at 386. In other words, manifest weight analysis concerns the *persuasive* value of evidence. *Eastley* at ¶ 19. Bearing this distinction in mind, this Court cannot conclude that this is the exceptional case in which the evidence weighs heavily against the conviction. *See Otten*, 33 Ohio App.3d at 340, citing *Martin*, 20 Ohio App.3d at 175.

{¶15} Mr. Garver's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

[MR.] GARVER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶16} Mr. Garver's second assignment of error argues that trial counsel was ineffective by virtue of the fact that counsel did not file a motion to suppress evidence gained as a result of the field sobriety testing. Mr. Garver argues that the trooper did not have a reasonable articulable suspicion that justified extending the traffic stop for purposes of conducting the tests.

{¶17} In order to demonstrate ineffective assistance of counsel, a defendant most show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id*. at 694. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. Debatable trial strategy, for example, does not constitute ineffective assistance

of counsel. *State v. Jones*, 9th Dist. Summit No. 29706, 2021-Ohio-1050, ¶ 21, quoting *State v. Shirley*, 9th Dist. Summit No. 20569, 2002 WL 5177, *7 (Jan. 2, 2002).

{¶18} The decision not to file a motion to suppress is one that may be considered trial strategy, and the failure to do so is not ineffective assistance of counsel per se. *Madrigal* at 389. "To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question." *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 65. With respect to prejudice, an appellant must demonstrate a reasonable probability that the motion to suppress would have been granted. *State v. Atkinson*, 9th Dist. Lorain No. 19CA011466, 2020-Ohio-315, ¶ 16, quoting *State v. Payne*, 9th Dist. Lorain No. 18CA011383, 2019-Ohio-4218, ¶ 25.

{¶19} Mr. Garver's argument regarding ineffective assistance is limited to whether trial counsel was ineffective by virtue of failing to file a motion to suppress evidence gained as the result of his continued detention for the purpose of conducting field sobriety tests.[1] The duration of a traffic stop is determined by the purpose for which it was initiated, and a stop may not last longer than is necessary to accomplish that purpose. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). *See also State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 12, quoting *State v. Howard*, 12th Dist. Preble Nos. CA2006-02-002, CA2006-02-003, 2006-Ohio-5656, ¶ 15; *State v. Rackow*, 9th Dist. Wayne No. 06-CA-0066, 2008-Ohio-507, ¶ 8. An officer may not prolong a stop for the purpose of conducting inquiries unrelated to the original purpose without "the reasonable suspicion ordinarily demanded to justify detaining an individual." *Rodriguez* at 355. "If, however, during the investigatory stop 'the officer discovers additional facts from

---

[1] Mr. Garver has not argued that the trooper lacked a reasonable articulable suspicion that justified the stop in the first instance, nor does he suggest that the trooper lacked probable cause for his arrest.

which it is reasonable to infer additional criminal activity[,] the officer is permitted to lengthen the duration of the stop to investigate such suspicions.'" (Alteration in original.) *State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 8, quoting *State v. Williams*, 9th Dist. Lorain No. 09CA009679, 2010-Ohio-3667, ¶ 15. *See Batchili* at ¶ 17 and paragraph two of the syllabus. As with an initial stop, the question of whether an officer had a reasonable suspicion for a continued detention is evaluated with reference to the totality of the circumstances. *Spees* at ¶ 8. An officer's observations must also be "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold[,]" with "due weight" given to the officer's training and experience. *State v. Andrews*, 57 Ohio St.3d 86, 87-88 (1991).

{¶20} In this case, the trooper initiated the traffic stop at approximately 10:30 p.m., and he noted upon approaching the vehicle that he detected the odor of alcohol from the area of the passenger seat. The trooper testified that Mr. Garver was the sole occupant and driver of the vehicle, and he recalled that Mr. Garver's eyes were red and glassy. Mr. Garver admitted that he consumed a tall boy of Twisted Tea. Mr. Garver suggests that the trooper did not have justification to prolong the detention because he did not observe any moving violations that may indicate driving under the influence and, as with his first assignment of error, Mr. Garver suggests that this Court's decision is controlled by the decision in *Consiglio*, 2021-Ohio-990. *Consiglio*, however, addressed probable cause to arrest, which is not at issue in this case. *See id.* at ¶ 11-19. To the extent that Mr. Garver argues that the trooper did not have justification to prolong the detention because he did not observe any moving violations that may indicate driving under the influence, this Court notes that "no single factor is dispositive of whether a law enforcement officer is legally justified in conducting field sobriety tests in any given case." *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 12.

**{¶21}** The totality of the circumstances as set forth in the record from the trial demonstrates that in this case, the trooper had a reasonable articulable suspicion that Mr. Garver was driving while under the influence of alcohol that justified detaining him for the purpose of conducting field sobriety tests. Consequently, even if there was arguably a basis for suppressing the evidence in question, Mr. Garver has not demonstrated prejudice. *See Atkinson*, 2020-Ohio-315, at ¶ 16, quoting *Payne*, 2019-Ohio-4218, at ¶ 25. *See generally Madrigal*, 87 Ohio St.3d at 389, citing *Strickland*, 466 U.S. at 695.

**{¶22}** Mr. Garver did not receive ineffective assistance of trial counsel. His second assignment of error is overruled.

III.

**{¶23}** Mr. Garver's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.