DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Elizabeth Mack ("Mack"), appeals the judgment of the Cuyahoga Falls Municipal Court which denied Mack's motion to suppress the evidence gained as a result of a traffic stop. This Court affirms.
 I. {¶ 2} On March 14, 2008, Mack was arrested and cited for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and for having a blood alcohol level exceeding eight-hundredths of one gram but less than seventeen-hundredths of one gram in violation of R.C. 4511.19(A)(1)(d). On March 19, 2008, Mack was arraigned and pleaded not guilty to both charges.
 {¶ 3} On April 22, 2008, Mack filed a motion to suppress the "evidence obtained from the warrantless seizure of the Defendant including" sobriety tests administered to Mack, statements made by Mack, and observations and opinions of the officers who stopped and *Page 2 
processed Mack on the day in question. On the same day, the trial court denied the motion to suppress as being untimely. On May 6, 2008, the trial court withdrew its finding that the motion was untimely and set a hearing for the motion.
 {¶ 4} On June 5, 2008, the trial court denied Mack's motion to suppress. On June 20, 2008, Mack changed her plea to no contest. The trial court found Mack guilty of the charges in count 1, fined Mack $500 with $250 of the fine suspended, sentenced her to 30 days in jail with 27 of the days suspended, ordered her to obey all laws for 2 years and suspended her operator's license for 180 days. The charge in count 2 was "merged and dismissed[,]" and the Court ordered that the sentence be stayed until July 21, 2008. Mack timely appeals asserting one assignment of error.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS BASED UPON THE FACT THAT THE OFFICER HAD NO REASONABLE ARTICULABLE SUSPICION THAT THE DRIVER WAS COMMITTING A CRIMINAL ACT AND THEREFORE NO LAWFUL CAUSE TO STOP THE DEFENDANT."
 {¶ 5} Mack argues that the trial court erred in denying her motion to suppress because no reasonable articulable suspicion existed for the police officer to stop her vehicle. This Court disagrees.
 {¶ 6} The Supreme Court of Ohio has held that "[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8, citing State v.Mills (1992), 62 Ohio St.3d 357, 366. "Because the trial *Page 3 
court assumes the role of trier of fact during a suppression hearing and is in the best position to evaluate the credibility of witnesses and resolve questions of fact, a reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence." (Internal citations and quotations omitted.) State v.Blair, 9th Dist. No. 24208, 2008-Ohio-6257, at ¶ 4. After accepting the facts as true, reviewing courts must independently determine, under a de novo review and without deference to the trial court's conclusions, whether the facts satisfy the applicable legal standard.Burnside at ¶ 8.
 {¶ 7} This Court has found that "[t]he United States Supreme Court established the basic standard for reviewing the propriety of a traffic stop through its holdings in Terry v. Ohio (1968), 392 U.S. 1, andDelaware v. Prouse (1979), 440 U.S. 648[,]" and that under the standard established, "a law enforcement officer may stop a vehicle when the officer has a reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity."State v. Epling (1995), 105 Ohio App.3d 663, 664. Furthermore, "[r]easonable suspicion is something less than probable cause." Id., citing State v. VanScoder (1994), 92 Ohio App.3d 853, 855. In addition, when "analyzing whether reasonable suspicion existed, this Court looks to the facts available to the officer at the moment of the seizure or the search and considers whether those facts would warrant a man of reasonable caution in the belief that the action taken was appropriate." (Internal citations and quotations omitted.) Blair at ¶ 5. Finally, any violation of traffic law provides the reasonable suspicion required to make an investigatory stop. State v. Johnson, 9th Dist. No. 03CA127-M,2004-Ohio-3409, at ¶ 11, citing Whren v. United States (1996),517 U.S. 806, State v. Wilhelm (1998), 81 Ohio St.3d 444, and Dayton v.Erickson (1996), 76 Ohio St.3d 3; See, also, State v. Barbee, 9th Dist. No. 07CA009183, 2008-Ohio-3587, at ¶ 9. *Page 4 
 {¶ 8} In the case at hand, Mack argues, without citation to supporting legal authority, that the trial court erred in denying her motion to suppress because "the officer did not have the requisite specific and articulable facts necessary to stop the vehicle because the officer knew that the person whom he suspected of driving under suspension had been granted occupation privileges." Mack concedes that "if the officer was aware that the owner was not the operator he would have had the right to stop the vehicle to determine if the vehicle was stolen[,]" but argued that that was not the issue before the court because the officer was not able to tell if the owner was operating the vehicle before the stop was effectuated.
 {¶ 9} However, the officer in the case at hand determined that the owner of the car which Mack was driving had a suspended license. Under R.C. 4510.11, it is a first degree misdemeanor to operate a motor vehicle with a license that is under suspension. Furthermore, this Court has found that it is reasonable for police officers to infer that an automobile is being driven by its registered owner. State v. Graves
(July 14, 1993), 9th Dist. No. 2202. Although the police officer knew that the owner of the vehicle did have limited privileges to operate his vehicle while his license was under suspension, the officer was not presented with any specifics such as the times, places and purposes for which the owner was allowed to operate his vehicle. Rather, the notation in the computer system merely provided that the owner was required to present the document noting the restrictions under which he was allowed to operate his vehicle upon questioning. Furthermore, it was shortly after 2:00 a.m. when the police officer came to find the above mentioned information. When the reasonableness of the stop of Mack is considered under the totality of the circumstances, there undoubtedly existed reasonable suspicion from which the arresting officer could find that the occupant was engaged in criminal *Page 5 
activity. Therefore, this Court cannot say that the trial court erred in denying Mack's motion to suppress. Accordingly, Mack's sole assignment of error is overruled.
 III. {¶ 10} Mack's sole assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DONNA J. CARR FOR THE COURT
DICKINSON, P. J. BELFANCE, J. CONCUR *Page 1