[Cite as *State v. Shankel*, 2014-Ohio-5712.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 13CA0038 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL SHANKEL | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellee | CASE No. CRB-13-08-01333 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2014

HENSAL, Judge.

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Wayne County Municipal Court granting Appellee, Daniel Shankel's, motion to suppress. This Court reverses.

I.

{¶2} At 4:30 p.m. on August 6, 2013, Officer Gregory Kolek observed a vehicle with three occupants parked in an alley behind a residence located on East Bowman Street in Wooster. He ran the car's license plate through LEADS and determined that the vehicle's registered owner had an expired driver's license. When the vehicle started moving, Officer Kolek pulled directly behind it and further observed that the front seat passenger was not wearing a seat belt. After pulling the vehicle over, Officer Kolek determined that the driver, Mr. Shankel, was not the registered owner, and that he did, in fact, have a valid driver's license. As he walked back to his cruiser to write the front seat passenger a ticket, he noticed an open beer can and drug paraphernalia on the floor at the back seat passenger's feet. During a subsequent

search of the car, Officer Kolek discovered marijuana and drug paraphernalia in a DVD box on the front seat floorboard.

{¶3} Officer Kolek issued Mr. Shankel citations for possession of marijuana in violation of Revised Code Section 2925.11(A), (C)(3) and possession of drug paraphernalia in violation of Section 2925.141. He pleaded not guilty to the charges and later filed a motion to suppress the evidence. After a hearing, the trial court granted his motion. The State filed a timely appeal and raises one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SHANKEL'S MOTION TO SUPPRESS ON THE BASIS THAT THE TRAFFIC STOP INITIATED BY OFFICER KOLEK WAS UNLAWFUL.

{¶4} In its sole assignment of error, the State argues that the trial erred in granting Mr. Shankel's motion to suppress the evidence. Specifically, it argues that the trial court erred in concluding that, because Officer Kolek did not testify to enough facts to establish that he believed Mr. Shankel was the registered owner of the vehicle prior to initiating the stop, the stop was invalid. We agree.

{¶5} Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶6} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 14 of the Ohio Constitution prohibit unreasonable and warrantless searches and seizures. A warrantless search is presumptively unreasonable in the absence of an exception to the warrant requirement. *See California v. Acevedo*, 500 U.S. 565, 580 (1991). An investigatory stop is one such exception to the warrant requirement. *See State v. Gaines*, 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, ¶ 25. A law enforcement officer's investigative stop of a vehicle, however, implicates the protections afforded by the Fourth Amendment to the United States Constitution "because stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of those Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

{¶7} "For an investigatory stop to be justified, an officer must be able to point to 'specific and articulable facts, which taken together with rational inferences from those facts,' support a reasonable suspicion of criminal activity." *State v. Farrey*, 9th Dist. Summit No. 26703, 2013-Ohio-4263, ¶ 8, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The propriety of an investigative stop is viewed in light of the totality of the circumstances as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988), quoting *United States v. Hall*, 525 F.2d 857, 859 (D.C.Cir.1976). In reviewing the totality of the circumstances, the court should consider "(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." *State v. Drushal*, 9th Dist. Wayne No. 13CA0028, 2014-Ohio-3088, ¶ 9, quoting *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14.

{¶8} Officer Kolek was the sole witness at the hearing. He testified that he was a patrolman with the Wooster Police Department for one and one-half years and that he received training at the police academy on how to conduct traffic stops. According to Officer Kolek, it was the department's normal practice to drive past the location in question to look for any activity since it was known for drug activity. While he himself had not made any arrests at that particular location, he had "gotten drug convictions out of there." Further, it was the department's routine to park and observe the area if the patrol officer noticed anything suspicious.

{¶9} Officer Kolek testified that, after first noticing Mr. Shankel and his passengers, he parked his cruiser in a location to be able to better watch the vehicle. He initiated the traffic stop three minutes after he first observed the vehicle once Mr. Shankel pulled away from his parking spot. Officer Kolek stated that the vehicle was registered to a "Daniel Shankel" who had a different middle name than the Appellee. The LEADS description of the vehicle's owner was that the individual was 62 years old, 5'11, 300 pounds, with brown hair and brown eyes. The description did not, however, include a picture of the registered owner. Officer Kolek testified that, when he pulled behind the vehicle, he could only see the back of the driver because the backseat passenger blocked his view. According to him, he could not see the driver well enough to recognize that he was much younger than the registered owner. Officer Kolek testified that, "[w]hen[ ] I observed the driver[,] I noticed he was a little wider, bigger, bigger boned * * *. That matched up with the weight." He further testified that he stopped the vehicle as a result of the LEADS information concerning the expired driver's license of the vehicle's owner.

{¶10} The trial court found that, because Officer Kolek was not randomly checking license plates, the State was required to set forth evidence that he believed that the driver was the

registered owner prior to pulling the vehicle over. The trial court's ruling, however, misconstrues our prior decisions that state it is reasonable for a police officer to infer that the registered owner is driving the vehicle when he initiates an investigative stop. *State v. Mack*, 9th Dist. Summit No. 24328, 2009-Ohio-1056, ¶ 9; *Tallmadge v. McCoy*, 96 Ohio App.3d 604, 608 (9th Dist.1994). Our prior cases do not differentiate between cases involving random license plate checks and those involving a check of a specific vehicle. We have concluded that,

> [u]nder [the *Terry*] standard, a law enforcement officer must have a reasonable suspicion * * * that a motorist is or has been engaged in criminal activity before stopping a vehicle. No further inquiry beyond the requirement of reasonable suspicion is necessary or warranted. Thus, if the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop.

*State v. Epling*, 105 Ohio App.3d 663, 665 (9th Dist.1995), quoting *State v. Carlson*, 102 Ohio App.3d 585, 593 (9th Dist.1995).

{¶11} Officer Kolek's testimony that the registered owner had an expired driver's license is uncontroverted. Further, there was no testimony regarding an observation made by Officer Kolek before he stopped the vehicle which should have caused him to believe that the driver was not the registered owner of the vehicle. There is only the argument that the difference in age, and, hence, the appearance of Mr. Shankel to the registered owner should have been discrepancy enough to require additional investigation or grounds to justify the stop. Accordingly, the trial court erred in finding that, when the license plate check is not random, the officer must engage in a second step analysis to ascertain whether the driver is the registered owner of the vehicle before he would have reasonable suspicion to initiate the stop.

{¶12} Mr. Shankel further argues that it should have become apparent to Officer Kolek that the driver was not the vehicle owner very soon after executing the stop and, at that point, he

should have terminated the traffic stop without further injury. However, Officer Kolek testified that he observed before the stop that the front seat passenger was not wearing a seat belt. His actions to approach the driver and thereafter return to his vehicle to issue a citation for the seat belt violation were, therefore, reasonable. It was upon his return to his vehicle that he observed the drug paraphernalia and open container of beer. These observations then precipitated the search of the vehicle.

{¶13} We further note that "[t]his Court must only accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. McLemore*, 9th Dist. Lorain No. 13CA010435, 2014-Ohio-2116, ¶ 25, quoting *State v. Figueroa*, 9th Dist. Lorain No. 09CA009612, 2010-Ohio-189, ¶ 20. The trial court found that the officer did not "ascertain that the driver appeared to be the registered owner." Officer Kolek, however, specifically testified that the driver's build matched the registered owner's weight as reported by LEADS. Given the fact that Officer Kolek's view was impeded by the position of the backseat passenger, it is reasonable to infer that he had a limited opportunity to view the driver and could not engage in a more detailed comparison between Mr. Shankel and the registered owner. As this Court stated above, the officer was not required to determine whether Mr. Shankel was the registered owner. Further, there is no evidence in the record to suggest that Officer Kolek's observations, based on the information from LEADS and his limited opportunity to view the driver, were unreasonable under the circumstances. Therefore, the trial court's finding that Officer Kolek failed to ascertain that the driver appeared to be the registered owner did not accurately reflect the uncontroverted evidence produced at the hearing.

{¶14} After a careful review of the record, we conclude that, under the totality of the circumstances, Officer Kolek had reasonable, articulable suspicion to stop the vehicle driven by

Mr. Shankel based both on his knowledge that the registered owner had an expired license and his observation of the driver. This Court has previously concluded, under similar facts, that the officer had reasonable, articulable suspicion to initiate an investigatory stop. *See McCoy*, 96 Ohio App.3d at 608 (holding that the investigatory stop was justified when the officer knew the registered owner's license was suspended but the car was actually driven by someone else).

{¶15} The trial court erred in granting his motion to suppress. The State's assignment of error is sustained.

### III.

{¶16} The State's assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---
JENNIFER HENSAL
FOR THE COURT


WHITMORE, J.
<u>CONCURS.</u>


BELFANCE, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶17} I concur in the judgment of the majority as it appears that the trial court applied the incorrect legal standard in evaluating whether to grant the motion to suppress. However, I would remand the matter for the trial court to apply the correct law to the facts in the first instance.

{¶18} In this case, it is important to note that the officer could not have stopped the vehicle driven by Mr. Shankel for a seatbelt violation. *See* R.C. 4513.263(B)(3), (D); *see State v. Bigley,* 9th Dist. Medina No. 3180-M, 2001 WL 1581573, *2 (Dec. 12, 2001) ("[I]t is clear that a law enforcement officer is not permitted to stop a vehicle solely for the reason that the driver is not wearing a seat belt."). As a seatbelt violation is a secondary violation, the officer needed to have observed an additional infraction prior to pulling the vehicle over. *See Bigley* at *2. Thus, the issue for the trial court to determine was, given the totality of the circumstances, including the trial court's assessment of credibility, whether it was unreasonable for the officer to assume that the driver was the owner of the vehicle prior to stopping the vehicle. *See State v. Mack,* 9th Dist. Summit. No. 24328, 2009-Ohio-1056, ¶ 9. As the trial court did not make that determination, I would remand the matter so that it could so in the first instance.

APPEARANCES:

DANIEL R. LUTZ, Prosecuting Attorney, and OLIVIA A. BUMB, Assistant Prosecuting Attorney, for Appellant.

KEVIN ONDREY, Attorney at Law, for Appellee.