[Cite as *State v. Board*, 2021-Ohio-92.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

DELMAR BOARD

    Appellant

C.A. No.    19CA011570

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    19CR100258

DECISION AND JOURNAL ENTRY

Dated: January 19, 2021

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Delmar Board, appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses.

I.

{¶2} Late one evening, Mr. Board struck a pedestrian while driving through a green light at an intersection. He left the scene, and the pedestrian died from her injuries. Several days later, Mr. Board turned himself in to the police.

{¶3} Mr. Board was indicted for failing to stop after a motor vehicle accident with a person on a public roadway and for driving under suspension. He pleaded guilty to both charges, and the court sentenced him to a total of 18 months in prison. The court also ordered him to pay restitution in the amount of $27,883.83.

{¶4} Mr. Board now appeals from the court's judgment and raises two assignments of error for our review.

II.

## **ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT ORDERED RESTITUTION OF $27,883.93, AS R.C. 4549.02(B)(4) & 4510.11(G) LIMITS RESTITUTION TO $5,000.

{¶5}    In his first assignment of error, Mr. Board argues that the trial court erred when it ordered him to pay more than $27,000[1] in restitution.  Specifically, he argues that the court's award exceeds the amount of restitution authorized by the statutes he violated.  For the following reasons, we agree that the trial court's restitution order must be reversed.

{¶6}    Before turning to the merits of Mr. Board's argument, we pause to address the standard of review in this matter.  The parties do not agree which standard applies.  Mr. Board urges us to apply a de novo standard, as his argument concerns the interpretation and application of a statute.  The State, meanwhile, maintains that restitution orders have never been subject to de novo review.  The State argues that either the abuse of discretion standard, the standard established in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1, or the plain error standard controls.  It also concedes, however, that the trial court's restitution order must be reversed, regardless of which standard applies.

{¶7}    This Court recently acknowledged that there has been a shift in the law regarding the standard of review that applies in appeals taken from restitution orders.  *See State v. Presutto-Saghafi*, 9th Dist. Lorain Nos. 18CA011411 and 18CA011412, 2019-Ohio-5373, ¶ 6-10.  In *Presutto-Saghafi*, we noted that many courts who historically had applied the abuse of discretion

---

[1] During the sentencing hearing, the trial court indicated that it would be imposing restitution in the amount of $27,883.93.  In its sentencing entry, however, the court ordered Mr. Board to pay $27,883.83 in restitution (i.e., ten cents less).  The difference is inapposite to our review, but we note the discrepancy due to Mr. Board's reliance on the higher figure in his captioned assignments of error.

standard had started reviewing restitution orders under the *Marcum* standard of review. *Id.* at ¶ 9. We further noted that we "[had] used both standards in [our] post-*Marcum* era of cases" and had yet to resolve the issue of which standard should apply. *Id.* at ¶ 10. Because a review under either standard would have led to the same result in *Presutto-Saghafi*, we declined to decide that issue. *Id.* Likewise, because we would be compelled to reverse the restitution order in the instant appeal, regardless of which standard we applied, we decline to take a position on that issue at this time. *See id.*

{¶8} R.C. 2929.18(A)(1) and 2929.28(A)(1) allow sentencing courts to award restitution to victims or any survivors of victims "in an amount based on the victim's economic loss." The former statute governs felony convictions while the latter governs misdemeanors. *See* R.C. 2929.18(A)(1); 2929.28(A)(1). The statutes do not cap awards of restitution at any specific amount, but also do not provide sentencing courts with limitless authority in that regard. *See State v. Henderson*, 9th Dist. Summit No. 26682, 2013-Ohio-2798, ¶ 7. Both statutes provide that restitution orders "shall not exceed the amount of the economic loss suffered by the victim *as a direct and proximate result of the commission of the offense*." (Emphasis added.) R.C. 2929.18(A)(1); 2929.28(A)(1). Thus, the statutes limit an award of restitution "to the actual loss caused by the defendant's criminal conduct for which he or she was convicted * * *." *Henderson* at ¶ 7.

{¶9} Mr. Board was convicted of failing to stop after a motor vehicle accident, in violation of R.C. 4549.02, and driving under suspension, in violation of R.C. 4510.11. Those two statutes contain nearly identical provisions regarding restitution. The failing to stop statute reads, in relevant part:

> The offender shall provide the court with proof of financial responsibility as defined in [R.C. 4509.01]. If the offender fails to [do so], then, in addition to any other

penalties provided by law, the court may order restitution pursuant to [R.C. 2929.18 or 2929.28] in an amount not exceeding five thousand dollars for any economic loss arising from an accident or collision that was the direct and proximate result of the offender's operation of the vehicle before, during, or after committing the offense for which the offender is sentenced under this section.

R.C. 4549.02(B)(4). The driving under suspension statute contains the same language, but, because it is a misdemeanor, it only authorizes an order of restitution under R.C. 2929.28. R.C. 4510.11(G).

{¶10} The trial court ordered Mr. Board to pay restitution in the amount of $27,883.83. That amount was the amount the victim's family had incurred for her funeral, burial, and headstone/monument. Mr. Board objected to the amount of restitution the court ordered on the basis that he had not been charged with or found responsible for causing the victim's death. Though the court acknowledged having "questions in [its] mind with regard to that," it overruled his objection. The court indicated that there was "no question that Mr. Board's action that evening [was] what caused [the victim's] death."

{¶11} Mr. Board argues that the trial court was limited by the restitution caps set forth in the failing to stop and driving under suspension statutes. *See* R.C. 4549.02(B)(4) and 4510.11(G). Because he failed to provide the court with his insurance information, Mr. Board argues, those statutory provisions applied, and the court lacked authority to award restitution in excess of $5,000. He further argues that an award of restitution under the general restitution statutes was not warranted because the funeral and burial expenses that the victim's family incurred were not the proximate result of his failing to stop his car after the accident or his driving under suspension. *See* R.C. 2929.18(A)(1); 2929.28(A)(1). Mr. Board asks this Court to reverse the trial court's restitution award and limit the award to $5,000.

{¶12} For its part, the State agrees that the restitution caps set forth in the failing to stop and driving under suspension statutes control the result in this matter. According to the State, the court's decision to award more than $27,000 in restitution "likely was a decision that would have been avoided had either party or the trial court realized that the law constrained the amount of restitution that the trial court could order * * *." Unlike Mr. Board, however, the State claims that the court had the ability to award $5,000 in restitution on each of Mr. Board's counts, for a combined total of $10,000. The State asks this Court to reverse the trial court's restitution award and limit the award to $10,000.

{¶13} Though R.C. 4549.02(B)(4) and 4510.11(G) cap any restitution that might be awarded under those provisions at $5,000, it is not clear from a plain language reading of the restitution statutes whether the legislature intended awards of restitution under R.C. 4549.02(B)(4) and 4510.11(G) to supplant awards of restitution under R.C. 2929.18(A)(1) and 2929.28(A)(1). *See State v. Williams*, 9th Dist. Lorain No. 14CA010641, 2015-Ohio-3932, ¶ 12 (statutes must be applied according to their plain and unambiguous language). The two sets of statutes govern distinct types of economic loss. *Compare* R.C. 4549.02(B)(4) and 4510.11(G) (permitting awards for losses caused by "the offender's operation of the motor vehicle before, during, or after committing the offense charged") *with* R.C. 2929.18(A)(1) and 2929.28(A)(1) (permitting awards for losses caused by "the commission of the offense"). More importantly, however, R.C. 4549.02(B)(4) and 4510.11(G) hinge any award of restitution on an offender's failure to provide the court with proof of his financial responsibility. *See* R.C. 4549.02(B)(4) and 4510.11(G). R.C. 2929.18(A)(1) and 2929.28(A)(1) contain no such requirement. Accordingly, the differences between the two sets of statutes beg the question of whether they operate independently of one

another or, if not, whether an offender may effectively choose which statute applies by either providing or withholding proof of his financial responsibility.

{¶14} It is apparent from the record that neither the trial court, nor the parties considered R.C. 4549.02(B)(4) and 4510.11(G). There was no discussion on the record or briefing in written form regarding those provisions, Mr. Board's proof of financial responsibility, or whether the damage caps set forth in R.C. 4549.02(B)(4) and 4510.11(G) supplant any restitution a court might award under R.C. 2929.18(A)(1) and 2929.28(A)(1). "'Because this Court acts as a reviewing court, it should not consider for the first time on appeal issues that the trial court did not decide.'" *State v. Anderson*, 9th Dist. Lorain Nos. 16CA011068, 16CA011069, 16CA011070, 16CA011071, and 16CA011072, 2018-Ohio-342, ¶ 12, quoting *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, and 23576, 2007-Ohio-5411, ¶ 21. "Doing so would result in this Court 'usurping the role of the trial court and exceeding its authority on appeal.'" *Anderson* at ¶ 12, quoting *Allen* at ¶ 21. Because the trial court must consider the applicability and intersection of R.C. 4549.02(B)(4), 4510.11(G), 2929.18(A)(1), and 2929.28(A)(1) in the first instance, we reverse and remand this matter for further proceedings in accordance with our decision. Mr. Board's assignment of error is sustained on that basis.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT ORDERED RESTITUTION OF $28,883.93 AS THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS.

{¶15} In his second assignment of error, Mr. Board argues that the court erred in its restitution award because the record does not support an award of restitution under the general restitution statutes. Based on our resolution of Mr. Board's first assignment of error, his second

assignment of error is premature, and we decline to address it. *See State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 20.

### III.

**{¶16}** Mr. Board's first assignment of error is sustained for the reasons outlined in this decision. This Court declines to address his second assignment of error, as it is not yet ripe for review. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

HENSAL, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶17} I agree with the majority's decision to reverse and remand this matter to the trial court. I would do so, however, solely based upon the State's concession that Sections 4549.02(B)(4) and 4510.11(G) apply, and that the trial court failed to adhere to the restitution limits provided thereunder. I, therefore, concur in judgment only.

APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.