[Cite as *State v. Compton*, 2022-Ohio-4324.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    22CA0018-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTIAN COMPTON | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.    21CR0313 |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2022

CALLAHAN, Judge.

{¶1}   Appellant, Christian Compton, appeals his conviction by the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On April 1, 2021, at approximately 11:00 p.m., a Brunswick police officer initiated a traffic stop of a vehicle driven by Mr. Compton after determining that the registered owner had a suspended driver's license and observing that the vehicle was weaving within its lane.  As he approached the vehicle, the officer saw that Mr. Compton had opened the driver's-side door and noted the smell of raw marijuana emanating from the vehicle.  The officer also observed that Mr. Compton appeared to be disoriented and that his speech was "mumbled."  Mr. Compton acknowledged that he had smoked marijuana before operating the vehicle, and the officer performed field sobriety tests.

{¶3} The officer determined that Mr. Compton was not impaired but continued to question him regarding the smell of marijuana coming from the vehicle. Mr. Compton became "visibly nervous" and started to cry, expressing dismay that he would be going to prison. Upon further questioning, Mr. Compton disclosed that he had marijuana, ecstasy, and cocaine in the vehicle, and the officer placed him under arrest.

{¶4} Mr. Compton was indicted on one count of possessing cocaine in violation of R.C. 2925.11(A)/(C)(4)(e), a first-degree felony. Mr. Compton moved to suppress all of the evidence seized as a result of the search of the vehicle. The trial court denied the motion. A supplemental indictment then charged Mr. Compton with one count of aggravated possession of methamphetamine in violation of R.C. 2925.11(A)/(C)(1)(b), a third-degree felony; one count of aggravated possession of Eutylone in violation of R.C. 2925.11(A)/(C)(1)(a), a fifth-degree felony; and one count of possession of LSD in violation of R.C. 2925.11(A)/(C)(5)(b), a fourth-degree felony.

{¶5} Mr. Compton pleaded no contest, and the trial court found him guilty of each charge. The trial court sentenced him to an indefinite prison term of three to four and one-half years for the first-degree-felony conviction for possessing cocaine. The trial court also sentenced him to twelve-month prison terms for each of the remaining convictions and ordered the sentences to be served concurrently. Mr. Compton appealed, asserting three assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN DENYING APPELLANT CHRISTIAN COMPTON'S MOTION TO SUPPRESS THEREBY ALLOWING INTRODUCTION OF EVIDENCE CONCERNING THE CASE AT BAR.

{¶6} Mr. Compton's first assignment of error argues that the trial court erred by denying his motion to suppress. Specifically, he maintains that the trial court erred by concluding that the officer had a reasonable suspicion of criminal activity that justified the initial stop and that, even if he did, the officer did not have a reasonable suspicion of further criminal activity that justified extending the duration of the stop. This Court does not agree.

{¶7} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id*.; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶8} Mr. Compton has not challenged the trial court's findings of fact. The trial court found that after conducting a random license plate check of the vehicle driven by Mr. Compton, the officer received an audible alert that the registered owner of the vehicle had a suspended driver's license. The officer's tablet also displayed information regarding the identity of the registered owner. The trial court noted that before the officer activated his lights and sirens to initiate a stop, he observed as the car "drifted within its lane of travel to the right and then back to

the left, with its wheels on top of the double yellow line but not crossing over." As the trial court found, the car also turned on a turn signal without making a turn and, after the officer activated his overhead lights, "slowed gradually to almost a complete stop, began moving again, and then jerked to an abrupt stop."

{¶9} The trial court found that the brake lights of the vehicle were illuminated as the officer approached, leading the officer to be concerned that the vehicle was still in drive. The officer ordered the driver to disengage the brake and put the car in park, and Mr. Compton complied with the request. The trial court noted that the officer detected the odor of raw marijuana coming from the vehicle as he approached and that the officer was familiar with that odor from his law enforcement training and experience. The officer also detected the odor of alcohol emanating from Mr. Compton when they spoke and noted that he had "mumbled speech" and appeared to be disoriented. The trial court found that Mr. Compton acknowledged that he had smoked marijuana earlier in the vehicle. During this conversation, but before performing field sobriety tests, the officer learned that the passenger of the car was the registered owner of the vehicle. The trial court also noted that in response to the officer's inquiry about marijuana in the vehicle, Mr. Compton "became nervous, bent over, walked away, and began crying[]" before admitting that there were drugs in the car. After placing Mr. Compton under arrest, the officer discovered cocaine during a search of the vehicle.[1]

{¶10} Mr. Compton's first argument is that the trial court erred by concluding that the officer had a reasonable articulable suspicion of criminal activity that justified the initial stop. The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and,

---

[1] The motion to suppress was resolved before the supplemental indictment that charged Mr. Compton with possession of other drugs as well.

consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979) and *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984), quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975). In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

{¶11} In this case, the officer did not learn that the passenger was the registered owner of the vehicle until the stop was in progress. Prior to that time, it was reasonable for the officer to infer that the driver of the vehicle was the registered owner. *See State v. Shankel*, 9th Dist. Wayne No. 13CA0038, 2014-Ohio-5712, ¶ 10. Having learned that the registered owner had a suspended driver's license, the officer in this case was justified in initiating an investigative stop. *See State v. Mack*, 9th Dist. Summit No. 24328, 2009-Ohio-1056, ¶ 9.

{¶12} Mr. Compton has also argued that the trial court did not have reasonable suspicion to detain him for the purpose of conducting field sobriety testing after the officer learned that he was not the registered owner of the vehicle. The duration of a traffic stop is determined by the purpose for which it was initiated, and a stop may not last longer than is necessary to accomplish that purpose. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). *See also State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 12, citing *State v. Howard*, 12th Dist. Preble Nos. CA2006-02-002, CA2006-02-003, 2006-Ohio-5656, ¶ 15; *State v. Rackow*, 9th Dist. Wayne No. 06-CA-0066, 2008-Ohio-507, ¶ 8. An officer may not prolong a stop for the purpose of conducting inquiries unrelated to the original purpose without "the reasonable suspicion ordinarily demanded to justify detaining an individual." *Rodriguez* at 355. "If, however, during the investigatory stop

'the officer discovers additional facts from which it is reasonable to infer additional criminal activity[,] the officer is permitted to lengthen the duration of the stop to investigate such suspicions.'" (Alteration in original.) *State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 8, quoting *State v. Williams*, 9th Dist. Lorain No. 09CA009679, 2010-Ohio-3667, ¶ 15. *See Batchili* at ¶ 17 at paragraph two of the syllabus. As with an initial stop, the question of whether an officer had a reasonable suspicion for a continued detention is evaluated with reference to the totality of the circumstances. *Spees* at ¶ 8.

{¶13} Based on the totality of the circumstances surrounding the stop at issue in this case, the officer had reasonable and articulable suspicion that Mr. Compton was driving under the influence of alcohol or drugs, and that suspicion justified the extension of the stop for the purpose of conducting field sobriety testing. Before initiating the stop, the officer noted that the vehicle driven by Mr. Compton drifted to the right and left within the lane of travel. Once the officer activated his lights and siren, the vehicle "slowed gradually to almost a complete stop, began moving again, and then jerked to an abrupt stop." The officer detected the odor of alcohol emanating from Mr. Compton's person. Mr. Compton appeared disoriented, and his speech was "mumbled." He also acknowledged that he smoked marijuana before driving.

{¶14} As this Court has frequently observed, "'no single factor is dispositive of whether a law enforcement officer is legally justified in conducting field sobriety tests in any given case.'" *State v. Garver*, 9th Dist. Wayne No. 20AP0038, 2021-Ohio-3776, ¶ 19, quoting *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 12. Physiological factors such as slurred speech, bloodshot eyes, and an odor of alcohol emanating from a defendant's person may give rise to a reasonable and articulable suspicion of impairment that justifies continued detention for the purpose of field sobriety testing even in the absence of erratic driving. *See State*

*v. Corn*, 9th Dist. 22CA0010-M, 2022-Ohio-3095, ¶ 17. *Compare Garver* at ¶ 20. When an officer does observe unusual driving patterns, however, that fact may also contribute to a reasonable and articulable suspicion of impairment. *See State v. Lee*, 9th Dist. Summit No. 29597, 2020-Ohio-4970, ¶ 13. Considering the totality of the circumstances present in this case, the trial court did not err by determining that the officer had a reasonable and articulable suspicion of impairment that justified detaining Mr. Compton to conduct field sobriety tests.

{¶15} Mr. Compton has also argued that the trial court erred by determining that the officer had a further reasonable and articulable suspicion that justified detaining him for further questioning after he completed the field sobriety testing with no clues that indicated impairment. A subject may be detained for further inquiry after an officer determines that the individual is not impaired provided that there is a reasonable and articulable suspicion of further criminal activity that justifies the detention. *See*, *e.g.*, *State v. Kendall*, 6th Dist. Williams No. WM-19-024, 2021-Ohio-1551, ¶ 42-48. In this case, the trial court found that the officer detected the odor of raw marijuana coming from the vehicle as he approached and that Mr. Compton admitted that he had smoked marijuana in the vehicle. The officer was therefore justified in extending the stop to inquire about marijuana. As the trial court found, in response to the officer's questions, Mr. Compton "became nervous, bent over, walked away, and began crying[]" before expressing concern that he would be going to jail and, ultimately, acknowledging that there were drugs in the vehicle.

{¶16} This Court must view the officer's observations "'through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold[,]' with 'due weight' given to the officer's training and experience." (Alterations in original.) *Garver* at ¶ 19, quoting *State v. Andrews*, 57 Ohio St.3d 86, 87-88 (1991). Applying this standard, this Court

cannot conclude that the trial court erred by determining that given the totality of the circumstances, the officer had a reasonable and articulable suspicion of impairment that justified Mr. Compton's continued detention.

{¶17}   Mr. Compton's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT'S SENTENCING OF APPELLANT, CHRISTIAN COMPTON, UNDER THE REAGAN TOKES ACT, WHICH ALLOWS THE DEPARTMENT OF REHABILITATION AND CORRECTION TO ADMINISTRATIVELY EXTEND A CRIMINAL DEFENDANT'S PRISON TERM BEYOND THE PRESUMPTIVE MINIMUM TERM IS UNCONSTITUTIONAL.

{¶18}   Mr. Compton's second assignment of error argues that the Reagan Tokes Act, under which he was sentenced for a first-degree felony, violates the doctrine of the separation of powers and deprives him of his constitutional right to due process of law.

{¶19}   Failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error regarding that argument for purposes of appeal.  *See State v. Beasley*, 9th Dist. Medina No. 19CA0012-M, 2020-Ohio-1170, ¶ 14.  *See generally State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.  This Court has applied this principle to sentencing matters on numerous occasions.  *See*, *e.g.*, *State v. Daniels*, 9th Dist. Wayne No. 17AP0036, 2020-Ohio-1176, ¶ 20; *State v. Franklin*, 9th Dist. Summit No. 29071, 2019-Ohio-1513, ¶ 32-36; *State v. Meadows*, 9th Dist. Summit No. 26549, 2013-Ohio-4271, ¶ 24.

{¶20}   Recently, this Court declined to consider a constitutional challenge to the Reagan Tokes Act when the appellant failed to object in the trial court and articulated "an extremely limited plain error argument" on appeal.  *State v. Coleman*, 9th Dist. Summit No. 30133, 2022-Ohio-3808, ¶ 57-60.  As in *Coleman*, Mr. Compton did not raise a constitutional objection to the Reagan Tokes Act in the trial court.  In this case, however, Mr. Compton has not developed any argument related

to plain error. This Court declines to construct a plain-error argument on his behalf. *See State v. Horvath*, 9th Dist. Summit No. 30077, 2022-Ohio-1743, ¶ 13.

{¶21} Mr. Compton's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

APPELLANT, CHRISTIAN COMPTON, WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.

{¶22} In his third assignment of error, Mr. Compton has argued that he received ineffective assistance of trial counsel. This Court does not agree.

{¶23} In order to demonstrate ineffective assistance of counsel, a defendant must show deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id*. at 694.

{¶24} Mr. Compton's first argument is that trial counsel was ineffective by virtue of failing to raise a constitutional objection to the Reagan Tokes Act. In *Coleman*, this Court rejected a similar argument, concluding that even if counsel had raised an objection, it was unlikely that he would have obtained a different result. *Coleman* at ¶ 65 (observing that "to date, every appellate district presented with a challenge to the constitutionality of Reagan Tokes has upheld the sentencing scheme as constitutional."). Mr. Compton's argument fails for the same reason.

**{¶25}** Mr. Compton has also argued that trial counsel was ineffective by failing to request an expert to weigh the drugs at issue and to examine reports of the laboratory testing. By pleading no contest to the charges, however, Mr. Compton admitted the truth of the facts alleged in the indictment—including with reference to the amount of drugs he was charged with having in his possession and the identity of those drugs. *See* Crim.R. 11(B)(2). Mr. Compton has not suggested how, given his no contest plea, securing expert assistance might have changed the outcome of the proceedings.

**{¶26}** Mr. Compton's third assignment of error is overruled.

III.

**{¶27}** Mr. Compton's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                               _____

                                               LYNNE S. CALLAHAN
                                               FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.