[Cite as *State v. Ellis*, 2023-Ohio-1464.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30342 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GERIC ELLIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2021-06-2152 |

DECISION AND JOURNAL ENTRY

Dated: May 3, 2023

---

STEVENSON, Judge.

{¶1} Appellant, Geric Ellis, appeals his prison term and judgment in the amount of $4,200.00 in restitution issued by the Summit County Court of Common Pleas. This Court affirms in part and reverses in part. The prison term imposed by the Summit County Court of Common Pleas is affirmed. The order of restitution issued by the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

I.

{¶2} The grand jury indicted Mr. Ellis on burglary, a second-degree felony and violation of R.C. 2911.12(A)(2), 2929.14(A)(3)(a), and on grand theft of a motor vehicle, a fourth-degree felony and violation of R.C. 2913.02(A)(1), 2913.02(B)(5). Mr. Ellis was arraigned and pleaded not guilty.

{¶3} Pursuant to his plea agreement with the state, Mr. Ellis pleaded guilty to the burglary charge and the state dismissed the grand theft charge. Mr. Ellis also agreed to the state's

recommendation of $4,200.00 in restitution. The plea agreement and plea were placed on the record before the trial court.

{¶4}    As part of its Crim.R. 11 plea colloquy, the trial court explained the Reagan Tokes Law ("Reagan Tokes") and restitution to Mr. Ellis.  The trial court explained that there is a presumption he will be released from prison when his minimum term expires but, under Reagan Tokes, the Ohio Department of Rehabilitation and Corrections ("ODRC") could decide to keep him longer.  It was explained that ODRC could keep Mr. Ellis up to one half of the minimum sentence.

{¶5}    The trial court explained that restitution is the amount of money owed in the case. The court informed Mr. Ellis that the amount of restitution in this case was $4,200.00.  When asked if he understood, Mr. Ellis said "I do."

{¶6}    At the sentencing hearing, the trial court sentenced Mr. Ellis to three up to four and one half years on the burglary charge.  The court again explained to Mr. Ellis the presumption that he will be released at the end of his three-year sentence but, under Reagan Tokes, ODRC can keep him longer.

{¶7}    Restitution was not imposed at the sentencing hearing.  The trial court memorialized the prison term and $4,200.00 restitution order in its May 9, 2022 journal entry.  Mr. Ellis appeals from that journal entry asserting four assignments of error.

II.

**FIRST ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED PLAIN ERROR IN ORDERING APPELLANT TO PAY $4,200.00 IN RESTITUTION.**

{¶8}    Mr. Ellis argues in his first assignment of error that the trial court committed plain error in ordering him to pay $4,200.00 in restitution.  We conclude that the trial court failed to

comply with R.C. 2929.18(A)(1) when it imposed restitution. Accordingly, we reverse the order of restitution and remand to the trial court for further proceedings consistent with this opinion.

{¶9} Mr. Ellis argues that the trial court's restitution order fails to comply with R.C. 2929.18(A)(1) as it was not made in open court and because the trial court failed to determine the amount of restitution to be made by the offender at sentencing. While the state concedes that the trial court failed to order restitution in open court as required by R.C. 2929.18(A)(1), it argues that, pursuant to the parties' negotiated plea agreement, the trial court properly imposed $4,200.00 in restitution to the victim in this case.

{¶10} While both parties argue that a plain error analysis applies, we disagree. This Court has acknowledged the shift in law regarding appeals taken from restitution orders. *See State v. Presutto-Saghafi*, 9th Dist. Lorain Nos. 18CA011411, 18CA011412, 2019-Ohio-5373, ¶ 6-10; *State v. Board*, 9th Dist. Lorain No. 19CA011570, 2021-Ohio-92, ¶ 7-8. Historically, this Court has "reviewed restitution orders under an abuse of discretion standard." *Presutto-Saghafi* at ¶ 6, citing *State v. Esterle*, 9th Dist. Medina No. 06CA0003-M, 2007-Ohio-1350, ¶ 5; *State v. Myers*, 9th Dist. Wayne No. 06CA0003, 2006-Ohio-5958, ¶ 12. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under an abuse of discretion standard, the reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶11} The Ohio Supreme Court held in 2016, however, that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes[,] or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-

1002, ¶ 1. Evidence is clear and convincing if it produces "in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶12} This Court has used both abuse of discretion and clear and convincing standards post-*Marcum* and has yet to address the issue of which standard applies. *See Presutto-Saghafi* and *Board*. Because the Court finds that the restitution order in the instant appeal should be reversed regardless of which standard applies, it likewise declines to take a position at this time. *See Presutto-Saghafi* at ¶ 10; *Board* at ¶ 7.

{¶13} As this Court explained in *Presutto-Saghafi*, R.C. 2929.01(EE) defines "sentence" as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." *Presutto-Saghafi* at ¶ 8. A "sanction" is "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense * * * includ[ing] any sanction imposed pursuant to * * * [R.C.] 2929.18 * * *." R.C. 2929.01(DD). R.C. 2929.18(A)(1) authorizes a sentencing court to order financial sanctions, including restitution, to the victim. Thus, an order of restitution is "indisputably part of the sentence." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, ¶ 8.

{¶14} If the court imposes restitution as part of its sentence, it "shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court." R.C. 2929.18(A)(1). R.C. 2929.18(A) "imposes the clear requirement that if the trial court orders restitution to the crime victim, it must do so 'in open court.'" *State v. McDowell*, 9th Dist. Summit No. 26697, 2014-Ohio-3900, ¶ 10. The statute further provides that, "[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the

offender" R.C. 2929.18(A)(1). "[U]se of the term 'shall' in a statute or rule connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary." *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 28, citing *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus.

{¶15} It is apparent from the record that the trial court failed to issue its order of restitution in open court and failed to determine, at sentencing, the amount of restitution to be made by the offender. While the parties' agreement or stipulation as to restitution may be considered and ordered, the trial court must still comply with R.C. 2929.18(A)(1) mandates. *See State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633; *State v. McMullen*, 1st Dist. Hamilton No. C-140562, 2015-Ohio-3741. The trial court failed to comply with R.C. 2929.18(A)(1) mandates when it ordered restitution to the victim in this case.

{¶16} For the reasons set forth above, the first assignment of error is sustained.

**ASSIGNMENT OF ERROR TWO**

**THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING APPELLANT TO AN INDEFINITE SENTENCE OF 3 TO 4 ½ YEARS IN PRISON, BECAUSE R.C. 2967.271, ALSO KNOWN AS THE "REAGAN TOKES ACT," WHICH ALLOWS THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION TO UNILATERALLY EXTEND APPELLANT'S SENTENCE, IS UNCONSTITUTIONAL, BOTH ON ITS FACE AND AS APPLIED, UNDER BOTH THE UNITED STATES CONSTITUTION, ARTS. I, II, AND III, AND THE OHIO CONSTITUTION, ART. I, § 10, AND ART. IV, §§ 1 AND 3(B)(2), AS A VIOLATION OF THE CONSTITUTIONAL SEPARATION OF POWERS.**

**ASSIGNMENT OF ERROR THREE**

**THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING APPELLANT TO AN INDEFINITE SENTENCE OF 3 TO 4 ½ YEARS IN PRISON, BECAUSE R.C. 2967.271, ALSO KNOWN AS THE "REAGAN TOKES ACT," WHICH ALLOWS THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION TO UNILATERALLY EXTEND APPELLANT'S SENTENCE, IS UNCONSTITUTIONAL, BOTH ON ITS FACE AND AS APPLIED, BOTH UNDER THE UNITED STATES**

**CONSTITUTION, AMENDS. V AND XIV, AND THE OHIO CONSTITUTION, ART. I, § 16, AS A VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS.**

### ASSIGNMENT OF ERROR FOUR

**THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING APPELLANT TO AN INDEFINITE SENTENCE OF 3 TO 4 ½ YEARS IN PRISON, BECAUSE R.C. 2967.271, ALSO KNOWN AS THE "REAGAN TOKES ACT," WHICH ALLOWS THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION TO UNILATERALLY EXTEND APPELLANT'S SENTENCE, IS UNCONSTITUTIONAL, BOTH ON ITS FACE AND AS APPLIED, UNDER BOTH THE UNITED STATES CONSTITUTION, AMENDS. VI AND XIV, AND THE OHIO CONSTITUTION, ART. I, § 5, AS A VIOLATION OF APPELLANT'S RIGHT TO TRIAL BY JURY.**

{¶17}  Mr. Ellis argues in assignments of error two, three and four that Reagan Tokes, under which he was sentenced for a second-degree felony, is unconstitutional as it violates the doctrine of separation of powers, deprives him of his constitutional right to due process of law, and violates his right to a trial by jury.  This Court rejects these arguments.

{¶18}  "A party asserting that a statute is unconstitutional must prove that the statute is unconstitutional beyond a reasonable doubt." *State v. Smith*, 9th Dist. Wayne No. 15AP0001, 2017-Ohio-359, ¶ 28.  "The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 2.

{¶19}  Mr. Ellis concedes that he did not challenge the constitutionality of Regan Tokes in the lower court and that this Court can only consider his arguments for plain error.  Plain error occurs if there has been an error, meaning a deviation from the legal rule; the error was an obvious defect; and the error affected a substantial right.  *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  This Court should take notice of plain error "with the utmost caution, under exceptional

circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶20} Mr. Ellis argues that Reagan Tokes is unconstitutional as it violates the separation of powers doctrine under both the Ohio Constitution and the United States Constitution; it denies him due process under both the Ohio Constitution and the United States Constitution; and it violates his right to a trial by jury under both the Ohio Constitution and the United States Constitution. This Court has seen similar arguments before it and we have rejected them.

{¶21} This Court has rejected Reagan Tokes arguments when, as in this case, the appellant failed to properly develop his or her constitutional challenges. *See State v. Arthur*, 9th Dist. Medina No. 21CA0075-M, 2022-Ohio-1980; *State v. Coleman*, 9th Dist. Summit No. 30133, 2022-Ohio-3808; *State v. Compton*, 9th Dist. Medina No. 22CA0018-M, 2022-Ohio-4324; *State v. Bennett*, 9th Dist. Medina No. 21CA0055-M, 2022-Ohio-4796.

{¶22} Mr. Ellis has presented this Court with very limited plain error arguments. Apart from conclusory statements, Mr. Ellis has not explained why this is the exceptional case where plain error must be found "to prevent a manifest miscarriage of justice." *Long* at paragraph three of the syllabus. As this Court concluded in *Coleman* at ¶ 60, it is loath to address the constitutionality of Reagan Tokes "based on the limited argument presented herein."

{¶23} Mr. Ellis has not properly developed an argument as to the constitutionality of Reagan Tokes. Mr. Ellis failed to develop an argument to support his assertion that the indefinite sentencing scheme under Reagan Tokes is unconstitutional. Assignments of error two, three and four are overruled.

III.

**{¶24}**  For the reasons stated above, the prison term imposed by the Summit County Court of Common Pleas is Court affirmed.  The order of restitution issued by the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Affirmed in part,
reversed in part,
cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.